CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF BROOKHAVEN AND SMITHTOWN, Respondent, *v.* THREE VILLAGE TEACHERS ASSOCIATION, INC., et al., Appellants.

Second Department, October 24, 1972.

*John H. Daniels* (*George A. Boehling* of counsel), for appellants.

*Pelletreau & Pelletreau* (*Peter V. Snyder* of counsel), for respondent.

MUNDER, Acting P. J. This is an appeal from an order of the Special Term in Suffolk County which granted an application by the petitioner, Central School District No. 1 of the Towns of Brookhaven and Smithtown, to stay arbitration proceedings instituted by the appellants. The order should be affirmed.

The facts are these: appellant Helene Proctor was appointed a probationary teacher in one of the petitioner's elementary schools on February 1, 1969. She continued as a probationary teacher during the 1969–1970 school year, but on March 23, 1970 she was advised by the district principal that she would not be rehired for the 1970–1971 school year. A month later, on April 24, the district superintendent recommended to the Board of Education of the district that her services be discontinued and the board, acting on the recommendation, voted on May 26 to discontinue her services as of the end of the school year, June 30, 1970.

While this was going on, Mrs. Proctor and appellant Three Village Teachers Association, Inc. (hereinafter called the association) sought to make use of the grievance procedure in the collective bargaining agreement between the district and the

association. Mrs. Proctor filed a " grievance " with her school principal, alleging that her teaching services were satisfactory and that the board's action was a violation of the labor agreement. The principal advised Mrs. Proctor that her claim could not be entertained since it was not a grievance under the terms of the agreement. Mrs. Proctor appealed to the district principal and again was advised that she had no grievance. Finally, in April, 1971 the association sought to commence a proceeding before the American Arbitration Association — the final step in a grievance procedure — and was advised by the latter that it was willing to determine the matter. That led to the school district's application for a stay.

The school district's position throughout has been that Mrs. Proctor's claim is not reviewable by arbitration because it is not a grievance within the terms of the labor agreement. The pertinent provision of the agreement (art. II, par. B, subpar. [I]) states in part as follows: " A ' grievance ' is a claim based upon an event or condition which adversely affects the welfare or working conditions of a teacher or group of teachers allegedly caused by misinterpretation or inequitable application of the terms of this agreement, *provided, however that such terms shall not include the question of whether a teacher was improperly denied tenure,* except as set forth in paragraph B-2 of this Article " (emphasis added). The exception in paragraph B-2 is that with respect to denial of tenure to a nontenured teacher during his third year of probation the question shall be referred to a five-member committee which shall make advisory recommendations for resolution of the dispute.

The appellants advance two arguments on this appeal, namely, (1) there is no existing statutory or case law which would preclude Mrs. Proctor, a probationary teacher, from arbitrating the reasons for her dismissal and (2) the labor agreement between the petitioner and the association similarly does not preclude her.

The first argument is disposed of by reliance on this court's decision in *Matter of Pinto* v. *Wynstra* (22 A D 2d 914, 915), where we stated, *inter alia,* " It has been established that, under that statute [Education Law, § 2573] and similar statutes (Education Law, §§ 3012, 3013), the services of a probationary teacher may be discontinued without a hearing and without the giving of reasons therefor (*Matter of Grace* v. *Board of Educ.,* 19 A D 2d 637; *Matter of High* v. *Board of Educ.,* 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815; *Matter of Hickey* v. *Carey,* 275 App. Div. 964) ".

In the *Pinto* case, the issue was whether article 16 of the General Municipal Law entitled a probationary teacher who had not been recommended for permanent appointment to press a claim of maladministration against her school principal. Article 16 was enacted to establish a grievance procedure under which public employees could present grievances against their superiors free from coercion, interference, restraint, discrimination or reprisal. We held there was no conflict between section 2573 of the Education Law, permitting the discharge of a probationary teacher without cause and without a hearing, and article 16 of the General Municipal Law.

Appellants' second argument is likewise without merit. The gist of it is that tenure is not the issue in this case and that the issue is the *reason* for Mrs. Proctor's dismissal. They claim that tenure could be acquired only after three years of probation and, since Mrs. Proctor was not eligible for tenure at the time of her dismissal, tenure could not be denied. This argument is specious. First, nothing prevents the offer and acceptance of tenure prior to the expiration of the probationary period (*Matter of Weinbrown* v. *Board of Educ.*, 28 N Y 2d 474). Second, if we were to accept the argument, only those probationary teachers who finished their three-year probationary period and were notified at the end of that time that they were not being rehired would be barred from arbitration. The teachers who worked shorter periods, for example, only a week, would have the remedy of arbitration while those who worked the full three years would not. The parties to the labor agreement obviously intended no such thing. This would be contrary to section 3012 of the Education Law, which provides that the services of a non-tenured teacher may be terminated at *any* time during the probationary period without a hearing (see *Matter of Associated Teachers of Huntington* [*Bd. of Educ.*], 60 Misc 2d 443, 446).

The conclusion is inescapable that the labor agreement at bar *does* preclude arbitration of the reasons for Mrs. Proctor's dismissal. The legal effect of her dismissal was that she was denied tenure. She claimed the action taken was improper. But the agreement specifically provided that the question of whether tenure was improperly denied was not a grievance and thus not subject to arbitration. Mrs. Proctor was dismissed prior to her third year of probation and thus did not come within the exception which at least would have entitled her to present her claim to the five-member advisory committee. She was precluded from going into the reasons for her dismissal, even assuming they were baseless. As noted in *Matter of Howard & Co.* v. *Daley*

(27 N Y 2d 285, 289), " arbitration is essentially a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit."

It remains the judicial function to determine " whether the recalcitrant party did agree to arbitrate the grievance " (*Matter of Howard & Co.* v. *Daley, supra,* p. 289). As stated in *Matter of Long Is. Lbr. Co. (Martin)* (15 N Y 2d 380, 384–385), " the court, of course, has the function in the first instance of ascertaining whether there is a question, whether it be of procedure or of substance, which requires determination on the merits by the arbitrators (see *Steelworkers* v. *Warrior & Gulf Co.*, 363 U. S. 574, *supra*)."

Here, there was no question for arbitration. The order staying the arbitration proceeding was proper and, therefore, should be affirmed, with $10 costs and disbursements.

LATHAM, GULOTTA, CHRIST and BENJAMIN, JJ., concur.

Order affirmed, with $10 costs and disbursements.