OPINION OF THE COURT
Arthur S. Hirsch, J.
In this article 78 proceeding, petitioners challenge respondents’ determination denying seniority credit for continuous substitute services rendered under per diem certificates as being arbitrary, illegal and unconstitutional and move for related relief. Respondents moved to dismiss pursuant to CPLR 7804 (subd [f]) on the grounds that the petition fails to state a cause of action.
*76 On such a motion, made before an answer, only the petition is to be considered and all its allegations are to be deemed true (Matter of Cutcher v Nyquist, 39 AD2d 810), and are to be considered in the most favorable light in support of the petition (Matter of Board of Educ. v Allen, 32 AD2d 985). Moreover, for the purposes of this motion, respondents take no position in regard to petitioners moving for class action certification.
It appears that petitioners are all regularly appointed teachers who were laid off earlier this year pursuant to section 2585 of the Education Law. It is contended that respondents’ refusal to grant them seniority credit for continuous, regular substitute service rendered under per diem certificates prior to September 1, 1972, has resulted in teachers junior to petitioners being retained in violation of subdivision 3 of section 2585 of the Education Law, which requires "[WJhenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.” It is clear that "within the tenure of the position” refers not to the date that a teacher acquires tenure, but rather to the entire consecutive time that a teacher has been employed by the board of education on a permanent basis (Matter of Ducey, 65 St Dept Rep 65). As explained by the Commissioner of Education (p 68) "[T]he date when a teacher commenced her service in the system is the date she started her probationary period, if that was the first date that she became connected with the system. If she had been employed by the board as a regular substitute prior to service as a probationary teacher, the date of the commencement of regular substitute service is the date of the commencement of her seniority.”
In response to respondents’ contention that only continuous, regular substitute service is to be credited for seniority and not service under a per diem certificate, petitioners point to section 484 of the by-laws of the Board of Education which defines a regular substitute teacher as "one who is assigned by the Superintendent of Schools at the beginning of a term, or within fifteen calendar days following the first day for the reporting of newly appointed teachers, to a position open for a fall term”, claiming that under respondents’ own definition they qualify as regular substitute teachers.
The court is of the opinion that petitioners’ service *77 under per diem certificates does not qualify for seniority credit.
At the outset, the court notes that petitioners have been allowed seniority credit for per diem service rendered subsequent to September 1, 1972, pursuant to article IVD2 of the contract between the Board of Education and the United Federation of Teachers which reads: "A teacher who is assigned during the first fifteen (15) days of the school term to a position which is expected to be vacant for that term, shall serve under the terms and conditions of the agreement which would be applicable if a regular substitute teacher was serving in that position.” Implicit in article IVD2 is the acknowledgment that prior to 1972 a teacher serving under a per diem certificate did not enjoy the same status as a regular substitute teacher.
Moreover, in Matter of Ryba (14 Ed Dept Rep 11) a similar argument, as here presented, was rejected under rule 2 of the rules promulgated by respondent for the reduction of staff. Rule 2 reads: "In determining the date of appointment of a teacher, all prior continuous regular substitute teaching service in license under present regular appointment, regardless of school where such service was performed, is to be credited for the purposes of excessing”. As in the instant case, petitioner in Ryba, claimed that he had met the requirements of a regular substitute teacher while respondent successfully argued that service under a temporary per diem certificate did not constitute regular substitute teaching service within the meaning of rule 2.
Finally, in Matter of Lee v Board of Educ. (182 Misc 1011, affd 269 App Div 747, affd 295 NY 647), seniority credit was denied for per diem service under subdivision 2 of section 881 of the Education Law (now Education Law, § 2585, subd 3). Petitioners’ attempt to distinguish Lee on the facts is to no avail. As the court pointed out (p 1018) "the fact that this temporary service was frequent or infrequent, and was continued from year to year, does not make it permanent.”
Accordingly, petitioners’ remaining contention being without merit, the petition is dismissed for failure to state a cause of action.