■ DENNIS J. DUBIN, Respondent, v FRANK J. MACCHIAROLA, as Chancellor of the Board of Education of the City of New York, Appellant. — In a proceeding pursuant to CPLR article 78 to compel petitioner's appointment as a regular social studies teacher, the appeal is from a judgment of the Supreme Court, Kings County, dated May 16, 1980, which, *inter alia,* granted the petition and denied appellant's cross motion to dismiss the petition. Judgment reversed, on the law, without costs or disbursements, cross motion granted and petition dismissed. Petitioner seeks appointment to a permanent teaching position pursuant to section 2590-j (subd 9, par [a], cl [2]) of the Education Law, retroactive to September 5, 1979. That section provides for the appointment of teachers to vacancies, once the preferred lists have been exhausted, from persons on eligible lists "who served as regular substitutes * * * for any two semesters" between September, 1973 and June, 1976. Petitioner served, *inter alia,* as a per diem substitute for 72 days during the fall 1973 term, and for 84 days during the fall 1974 term. He expected to be appointed to a vacancy in Edward R. Murrow High School for the fall 1979 term, but another person was appointed to that position instead. Petitioner brought the instant proceeding after his request for the appointment to the vacancy was denied by the board of education because he did not meet the criteria of section 2590-j (subd 9, par [a], cl [2]) of the Education Law. Special Term held that petitioner had served for a substantial portion of two terms and granted the petition. Although the Education Law does not define the term "regular substitute," it has been defined by the board of education in its by-laws (former § 484) as follows: "A regular substitute teacher * * * is one who is assigned by the Superintendent of Schools at the beginning of the term or within fifteen calendar days following the first day for the reporting of newly appointed teachers, to a position open for a full term." The section has since been amended and is now a regulation of the Chancellor. (See, also, *Matter of Nuzzi,* 8 Ed Dept Rep 97, petition dsmd *sub nom. Matter of Board of Educ. v Nyquist,* 60 Misc 2d 99; *Matter of Matera,* 17 Ed Dept Rep 459; *Matter of Axel v Board of Educ.,* 93 Misc 2d 75, revd 56 AD2d 598, revd 44 NY2d 667.) The board's definition is applicable to section 2590-j (subd 9, par [a], cl [2]) of the Education Law, and it is noted that both relate solely to New York City. As applied, petitioner cannot be classified as a "regular substitute" since he was not ap-

pointed "within fifteen calendar days following the first day" of the fall 1973 term. (The fall 1973 term commenced Sept. 5, 1973 and petitioner was assigned on Oct. 18, 1973.) Therefore, the petition must be dismissed. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.