■ In the Matter of PRESTON SAUL, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellants dated January 25, 1985, terminating the petitioner's services as a teacher of biology and general science, the appeal, as limited by the petitioner's brief, is from an order and judgment (one paper), of the Supreme Court, Kings County (Golden, J.), dated March 24, 1986, which granted the petition, annulled the determination, restored the petitioner to his position as a full-time teacher of biology and general science nunc pro tunc to February 16, 1985, together with back salary, and declared the petitioner a tenured teacher of biology and general science effective February 17, 1983.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The appellants correctly assert that the petitioner was not entitled to two years of credit toward his probationary period for the time he served as a per diem substitute teacher (see, Education Law § 2573 [1] [a]), since he was not serving as a regular substitute (see, Dubin v Macchiarola, 81 AD2d 630, affd 54 NY2d 802; Matter of Ducey, 65 NY St Dept Rep 65; Regulation of Chancellor, City School Dist of City of NY No. C-510 [Feb. 12, 1985]). Since the petitioner's three-year probationary period (see, Education Law § 2573 [1] [a]) did not expire before he was informed of the appellants' determination to terminate his service, he is not entitled to tenure by estoppel or acquiescence (see, Matter of Mugavin v Nyquist, 48 AD2d 727, affd 39 NY2d 1003; Matter of Pascal v Board of Educ., 100 AD2d 622).

However, the petitioner, after receiving satisfactory ratings for more than three years of per diem substitute service and one year of full-time probationary service, was, upon recommendation of his supervisor and of the Superintendent,

awarded a certificate of completion of probation on February 17, 1983. The granting of tenure at that time, although apparently done under the mistaken belief that he was entitled to credit toward his probationary period for the time he served as a per diem substitute, was not unauthorized, unlawful or against public policy *(see, Matter of Roberts v Community School Bd.,* 66 NY2d 652; *Matter of Weinbrown v Board of Educ.,* 28 NY2d 474; *Central School Dist. No. 1 v Three Vil. Teachers Assn.,* 39 AD2d 466; *see also, Matter of Schlosser v Board of Educ.,* 62 AD2d 207, *affd* 47 NY2d 811; *Matter of Moritz v Board of Educ.,* 60 AD2d 161). Thus, the appellants may not disclaim that award of tenure *(see, Matter of Moritz v Board of Educ., supra),* and must follow the procedures outlined in Education Law § 2573 (5) and § 3020-a before they may remove the petitioner from service. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.