OPINION OF THE COURT
Arthur S. Hirsch, J.
In this CPLR article 78 proceeding petitioner moves for an order and judgment setting aside the determination of respondent chancellor denying her certification of completion of probation as teacher of French, Day High Schools (D.H.S.) and ordering that she be restored to her position nunc pro tunc together with back pay and other rights and emoluments of service she would be entitled to and awarding her tenure.
In the alternative, petitioner requests a judgment for 55 days’ pay or 25 days’ pay depending on the applicable notice provision of termination.
The issue presented herein is whether petitioner has actually served the necessary probationary period entitling her to tenure. Specifically, respondents found petitioner to be 3 months and 17 days short of completion of her *155 probation (three years) when her service as a probationary teacher was terminated on May 22, 1981.
Petitioner was appointed as a teacher of French D.H.S. on March 20,1978. On or about June 30,1979, pursuant to notice in April, 1979, petitioner’s license was revoked for failure to meet eligibility requirements as of June 30, 1979. However, petitioner had completed the necessary requirements by June 30, 1979 and her application for restoration of license was approved on August 9, 1979.
On September 4, 1979 petitioner was laid off due to a system-wide cutback in French D.H.S. positions. However, petitioner learned of an opening at Prospéct Heights High School to teach English as a second language to Haitian students who spoke Creole. Since petitioner was proficient in Creole and licensed to teach a related foreign language, she was immediately hired as a regular substitute, which title she retained until December 3, 1979 when she was granted her original classification as a regular probationary teacher and continued to teach English as a second language.
On January 31, 1980 petitioner was again laid off but retained in the same position at Prospect Heights High School as a regular substitute until March 17, 1980 when petitioner’s regular probationary appointment was restored. Petitioner completed the 1979-1980 year at Prospect Heights and continued to teach there as a regular probationary until May 22, 1981 when her services were terminated.
In issue herein is whether petitioner has successfully completed her three-year requirement for tenure. Respondents take the position that the revocation of petitioner’s license from June 30 to August 9,1979 constituted a break in her probationary service. Moreover, respondents contend that the period of September 4, 1979 to December 3, 1979 and again January 31, 1980 to March 17, 1980 petitioner was serving under a substitute status which cannot be credited for purposes of tenure and therefore petitioner did not satisfy the necessary probationary time for tenure.
With respect to the time lost as a result of the revocation of petitioner’s license the court is of the opinion that the *156 subsequent completion by petitioner of the eligibility requirements within the stated time was tantamount to fulfilling a condition subsequent to satisfy the original requirement which did not cause a break in continuity and therefore operates ab initio to preserve petitioner’s probationary service.
Although the court recognizes that service as a substitute does not constitute probationary service for purposes of obtaining tenure as a regular teacher, except as provided by law (Education Law, § 2509, subd 1, par [a]) or contract, the unique facts herein compel a contrary result.
In a situation somewhat similar to this case (Ricca v Board of Educ., 47 NY2d 385, 394), the Court of Appeals permitted crediting substitute service as follows: “Alternatively, respondents suggest that petitioner’s service in ATR for a part of the fall 1971 semester precludes that semester from counting as a part of his probationary period even if his probationary period may be deemed to have commenced prior to formal appointment by the board. While this argument might be of some interest were petitioner seeking credit for prior service as a substitute (see Education Law, § 2509, subd 1, par [a]), it is simply irrelevant to a determination of whether petitioner has in fact served for a full probationary period. This is so because the decision of a probationary teacher to accept a temporary assignment out of position in order to accommodate the needs of the school district does not serve to disrupt that teacher’s probationary period, nor may it lead to an increase in the length of that probationary period.”
This court adopts the aforesaid rationale to the case at bar particularly where as here, “the two periods of so-called regular substitute service were not accompanied by any change in petitioner’s duties or responsibilities: petitioner taught the same program in the same school under the same supervision that she taught when she was classified as a regular probationary teacher. Also, as a regular substitute, petitioner was required to attend the same staff and department meetings and perform the same duties, both instructional and noninstructional, as a regular appointee.”
*157 The court also questions respondent’s action in the manner it assigned petitioner for temporary periods; such actions would seem to be a veiled attempt by respondents to fill a permanent position by a temporary assignment to evade the tenure law, which has been described as inequitable and educationally unsound (Serritella v Board of Educ., 58 AD2d 645; Matter of Murphy, 8 Ed Dept Rep 101). Temporary assignments may not be used to frustrate a teacher’s quest for tenure.
Accordingly, the petition is granted in all respects.