OPINION OF THE COURT

Per Curiam.

The principal issue on this appeal is the proper interpretation of section 2509 (subd 1, par [a]) of the Education *397 Law, also known as the Jarema Act.* It provides that teachers shall be appointed by school boards for a probationary period of three years, and that when the probationary period is fully and satisfactorily served, the teacher is entitled to tenure (subd 2). The statute also permits a teacher who has rendered satisfactory service as a regular substitute for a period of two years to apply such substitute service in reduction of the three-year probationary term for purposes of acquiring tenure. Respondent commissioner has interpreted subdivision 1 of section 2509 allowing credit for substitute service only where such service is rendered prior to the commencement of the first probationary period. Unless that interpretation is irrational or unreasonable, it should be accepted (see Matter of Lezette v Board of Educ., 35 NY2d 272, 281-282). We hold that it is not irrational or unreasonable because the statute, on its face, requires interpretation; the subject interpretation has been consistently applied by the commissioner, and there is, in fact, a rational basis for it.
Petitioner was appointed by respondent Board of Education of the Bellmore-Merrick Central School District to a probationary term of employment as a secondary school science teacher. Pursuant to that appointment, he served as a probationer from March 3, 1975 until June 30, 1976, when his employment was terminated by the board due to reductions in teaching positions in the district. Thereafter, petitioner accepted a position as a regular substitute teacher in the same school district, and occupied that position from September 1, 1976 until February 1, 1978. On the latter date, petitioner was restored to probationary status and again served as a probationary teacher until his services were ultimately terminated by the board on June 30, 1979. When the board refused to continue his employment, petitioner appealed to the Commissioner of Educa *398 tion, contending that he was entitled to tenure by estoppel or acquiescence. He seeks credit for his one and one-half year period of service as a substitute teacher, which when combined with his two periods of probationary service of 16 months and 17 months, far exceeds the three years of service needed for tenure under the Education Law (§ 2509, subd 1, par [a]; subd 2), and which, he contends, thereby entitles him to tenure by estoppel (see Matter of Mugavin v Nyquist, 48 AD2d 727, affd 39 NY2d 1003; Matter of Moritz v Board of Educ., 60 AD2d 161). The commissioner dismissed the appeal and, in a written decision, ruled that the exception to the statutory three-year period relates exclusively to substitute service rendered prior to the commencement of the first probationary period. Because all of petitioner’s service as a substitute teacher occurred after his March 3, 1975 appointment as a probationary teacher, the commissioner refused to credit petitioner for his substitute service.
In this article 78 proceeding to set aside the commissioner’s decision, Special Term dismissed the petition and upheld the commissioner’s interpretation of the statute as neither irrational nor unreasonable. On appeal, the Appellate Division affirmed, but for reasons other than those relied upon by the commissioner and Special Term. It held that in order to receive Jarema credit a teacher must render substitute service of two full years’ duration. Since petitioner served as a substitute for only 17 months, he could not, under the Appellate Division’s ruling, apply any of that time to meet the statutory requirements for tenure or otherwise acquire tenure by estoppel or acquiescence.
Initially, we conclude that the two-year substitute credit provision of section 2509 (subd 1, par [a]) of the Education Law is ambiguous since it is unclear whether that provision is intended as a ceiling or a threshold requirement. While the Appellate Division viewed it as a threshold, it can also rationally be viewed as establishing a ceiling, whereby credit towards the three-year probationary period can be earned by periods of substitute service of less than two years’ duration (see Matter of Board of Educ. v Allen, 12 NY2d 980, affg 14 AD2d 429, 432).
*399 Having concluded that the statute requires interpretation, we note that “ ‘[i]n case of doubt, or ambiguity’ ” it is established law “ ‘that the practical construction that has been given to a law by those charged with the duty of enforcing it, as well as those for whose benefit it was passed, takes on almost the force of judicial interpretation’” (Matter of Lezette v Board of Educ., 35 NY2d 272, 281, supra, quoting from Town of Amherst v County of Erie, 236 App Div 58, 61, affd 260 NY 361, 369-370). Moreover, the construction of the statute, in such cases, must be upheld if not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434; see Matter of Ward v Nyquist, 43 NY2d 57, 63; cf. Matter of Brewer v Board of Educ., 51 NY2d 855).
For over 20 years, the commissioner has interpreted section 2509 (subd 1, par [a]) of the Education Law to permit Jarema credit for substitute service of less than two years’ duration (see Matter of Board of Educ. v Allen, 12 NY2d 980, supra; Matter of Mugavin, 12 Ed Dept Rep 191; Matter of Waterman, 13 Ed Dept Rep 68; Matter of Artale, 13 Ed Dept Rep 84; Matter of Imhof, 17 Ed Dept Rep 208). He has also held that Jarema credit is available only when such service has been rendered prior to an initial probationary appointment (see Matter of Negri, 19 Ed Dept Rep 35). This interpretation is rationally based because it is intended to preserve distinctions between regular and substitute service and to thereby limit claims of tenure by estoppel inadvertently acquired. Thus, it must be upheld.
Applying the commissioner’s interpretation of the statute to the instant case, petitioner’s claim of tenure by estoppel must be rejected. Because all of petitioner’s substitute service occurred following his initial probationary appointment, he receives no credit for this 17 months of substitute service. Without credit for his substitute service, his total probationary service does not exceed three years (see Matter of Mugavin v Nyquist, 48 AD2d 727, 728, affd 39 NY2d 1003, supra).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*400 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in Per Curiam opinion.
Order affirmed.

 The statute provides, in pertinent part, that: “[tjeachers and all other members of the teaching staff, authorized by section twenty-five hundred three of this article, shall be appointed by the board of education, upon the recommendation of the superintendent of schools, for a probationary period of three years, except that in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years * * * and has been appointed to teach the same subject in day schools on an annual salary, the probationary period shall be limited to one year” (emphasis added).