OPINION OF THE COURT
 

 Memorandum.
 

 The judgment appealed from and the order of the Appellate Division (67 AD2d 1017) brought up for review should be reversed, with costs, and the judgment of Special Term determining that respondent commissioner had properly computed petitioner’s reimbursement rate for 1976 and 1977 should be reinstated.
 

 
 *713
 
 Petitioner, a licensed residential health care center, commenced this action seeking a declaratory judgment that it was entitled to increased reimbursement for 1976 and 1977 at a rate adjusted to reflect increased costs as fixed by a labor contract it executed in August of 1975. Respondent commissioner contended that petitioner’s rate was reasonably and properly determined by application of the established formula using petitioner’s allowable costs for the year 1974 multiplied by a factor projecting those costs to the end of the rate year (see, generally, 10 NYCRR 86-2.12
 
 et seq.; Matter of Sigety v Ingraham,
 
 29 NY2d 110;
 
 Matter of Kaye v Whalen,
 
 56 AD2d 111, affd 44 NY2d 754). Having computed the rate for 1976 and 1977 by that method, he refused to consider actual labor costs for 1975, contending he was proscribed from doing so by the provisions of former 10 NYCRR 86.17.
 
 *
 
 The Appellate Division held that the commissioner had waived the provisions of former section 86.17 by reimbursing petitioner for its actual labor costs in 1975. The commissioner had explicitly limited those reimbursements to the year 1975, however, and we find no waiver. Moreover, as the Appellate Division found, respondents were neither bound by agreement to reimburse at that rate in the future nor could they be estopped by their conduct. In this court, petitioner contends that the provisions of former section 86,17 (see, also, 10 NYCRR 86-2.14, eff Jan. 1, 1976) did not preclude consideration of actual costs for years after 1975. Insofar as the commissioner interpreted the regulation to prohibit the use of actual costs for purposes of adjusting rates for any year other than 1975, his interpretation is neither unreasonable nor irrational and it should be upheld (see
 
 Matter of Robins v Blaney,
 
 59 NY2d 393, 399).
 

 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur; Chief Judge Cooke taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and
 
 *714
 
 the original judgment of Supreme Court, Albany County, reinstated in a memorandum.
 

 *
 

 Former 10 NYCRR 86.17 provides that: “(a) The State Commissioner of Health may consider only those applications for prospective revisions of certified rates which are based on (1) requests for revisions in 1975 reimbursement rates for cost increases, incurred prior to the effective date of this section”. The regulation was effective November 26, 1975.