■ In the Matter of FANNY C. PASCAL, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination denying petitioner certification of completion of probation as a teacher of French, day high schools, the appeal is from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated October 7, 1982, which, *inter alia,* ordered that petitioner be reinstated as a full-time teacher. ¶ Judgment reversed, on the law, without costs or disbursements, petition granted only to the extent that petitioner is entitled to 56 days' pay in accordance herewith, determination otherwise confirmed and proceeding otherwise dismissed on the merits. ¶ On August 1, 1974, after taking a special examination authorized by section 2569 of the Education Law, Fanny Colen Pascal was issued a license as a teacher of French in day high schools. A condition for issuance of the license was that Pascal must "meet in full by July 1, 1978 the eligibility requirements of the Board of Education * * * for this regular license" (Education Law, § 2509, subd 1). On March 20, 1978, Pascal received a probationary appointment as a teacher of French in day high schools. She taught French under this license until June 30, 1979. ¶ On April 30, 1979, Pascal was notified that her license would be revoked on June 30, 1979. The revocation was based on her failure to complete the required three years of probationary service. Since Pascal was not appointed until just four months prior to the July 1, 1978 deadline, she was unable to fulfill the requirement of three years of probationary service. Accordingly, Pascal applied for a waiver of the July 1, 1978 deadline. By notice dated August 9, 1979, she was advised that her request had been approved and

that her license was restored. [115 Misc 2d 154.] ¶ On September 4, 1979, Pascal was excessed. She then accepted an out-of-license position as a regular substitute to teach English as a second language (ESL) to Haitian students who spoke Creole. On December 3, 1979, a "French" vacancy was declared at another school. In accordance with the board of education's policy of avoiding disruption in the schools, Pascal remained in her out-of-license ESL position. But as of December 3, 1979, the board technically restored Pascal to her position as a regular probationary teacher so that she would receive probationary credit as if she had accepted the French position. The date for the completion of Pascal's three-year probationary period was adjusted to reflect the amount of time that she had been laid off. ¶ On January 31, 1980, the board abolished a French position and excessed Pascal again. She remained in the ESL position, but, because she was technically excessed, she was classified as a regular substitute. On March 17, 1980, a French vacancy was declared. Pascal remained in the ESL position, but her regular probationary appointment was restored and she began again to receive her probationary credit. At that time, the board computed that Pascal would complete the three-year probationary period on September 9, 1981. ¶ In a report dated May 5, 1981, the superintendent of schools recommended denial of Pascal's certificate of completion of probation. This recommendation was based on a report made by the principal and assistant principal of the school Pascal had worked at. They gave her "unsatisfactory" for the following categories: professional attitude, evidence of professional growth, effect on character and personality growth of pupils, attention to records and reports, and attention to routine matters. By letter dated May 12, 1981, Pascal was advised that certification of completion of probation was denied and that her services would be terminated as of the close of business on May 22, 1981. ¶ On or about September 18, 1981, Pascal commenced this article 78 proceeding. She requested review of the denial of her certification of completion of probation alleging that she should receive probationary credit for the time she taught ESL while technically laid off from a French position. If that time had counted toward her probationary term, she would have acquired tenure by estoppel by the time the board attempted to terminate her employment. ¶ Special Term, inter alia, ordered that Pascal be reinstated to her position as a full-time teacher. This appeal followed. The judgment of Special Term ordering Pascal's reinstatement must be reversed. ¶ Section 2573 (subd 1, par [a]) of the Education Law requires that teachers be appointed for a probationary period of three years. The statute provides that the employment of a teacher serving a probationary term may be terminated by the board at any time during the probationary period upon recommendation of the superintendent of schools. The statute requires that the board grant or deny tenure on or before the expiration of the probationary term. Teachers receiving tenure hold their positions during good behavior and competent and efficient service, subject to dismissal only in accordance with the provisions of section 3020-a of the Education Law (Education Law, § 2573, subd 5). A probationary teacher, on the other hand, may be terminated without a hearing and without specifying a reason for the termination (Matter of Venes v Community School Bd., 43 NY2d 520). If the board denies tenure the statute requires notice to the probationary teacher before the probationary appointment expires (Education Law, § 2573, subd 1, par [a]). "These statutory provisions are designed to attract qualified teachers and to provide them with academic independence and reasonable job security by granting tenure after a successful period of probation" (Matter of Lindsey v Board of Educ., 72 AD2d 185, 188). A school district failing to adhere to the provisions continues the employment of a teacher beyond the probationary period at the risk of later

being estopped from denying her tenure (see *Matter of Elisofon v Board of Educ.,* 51 AD2d 724). ¶ Tenure by estoppel results when a school board fails to take the action required by law to grant or deny tenure and, with full knowledge and consent, permits a teacher to continue to teach beyond the expiration of her probationary term (see, e.g., *Matter of Elisofon v Board of Educ., supra; Matter of Lindsey v Board of Educ., supra*). Pascal did not acquire tenure by estoppel in the instant case because her service as a substitute subsequent to her initial appointment did not constitute probationary service for the purpose of obtaining tenure as a regular teacher (*Matter of Robins v Blaney,* 59 NY2d 393; *Ricca v Board of Educ.,* 47 NY2d 385). Subdivision 1 of section 2509 of the Education Law allows for credit for substitute service only where such service is rendered *prior* to the commencement of the probationary period. ¶ Pascal, therefore, was not tenured and her employment could be terminated at any time upon recommendation of the superintendent. She is not eligible for the termination procedure for tenured teachers set out in section 3020-a of the Education Law. Accordingly, the judgment reinstating Pascal is reversed and her employment with the board is terminated. ¶ However, as conceded during oral argument, Pascal is entitled to 56 days' pay because she was given inadequate notice of her termination as required by statute (Education Law, § 2573, subd 1, par [a]). There is no authority mandating that the 56 days' pay may be offset by any earnings and unemployment benefits received by Pascal during that period (see *Matter of Ross v Board of Educ.,* Kings County, Jan. 18, 1983, Vaccaro, J.; cf. Civil Service Law, § 77; Labor Law, § 517). Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.