OPINION OF THE COURT
Beatrice S. Burstein, J.
This appears to be a case of first impression on the issue of whether a once tenured teacher may apply Jarema credit (Education Law § 2509 [1] [a]) earned in another School District toward the attainment of tenure in that School District. Petitioner teacher seeks a judgment, pursuant to CPLR article 78, declaring him a tenured teacher in respondent School District as of September 1, 1984, and directing his reinstatement as such, nunc pro tunc, as of February 27, 1985.
These facts are uncontroverted. Petitioner had been appointed to tenure in another School District within this State in 1972. He was not dismissed for disciplinary reasons. Thereafter, he left that District and the following events occurred: September 1, 1982: respondent Board of Education appointed petitioner as a regular substitute teacher of science; *475 February 23, 1983: petitioner was granted a probationary appointment as a science teacher in respondent District, effective this date; February 27, 1985: pursuant to a vote of respondent Board of Education, petitioner was notified that his services were terminated, effective this date. The parties agree that as petitioner previously had been granted tenure within this State and was not dismissed for disciplinary reasons, the maximum probationary period necessary for him to acquire tenure in respondent District was two years. This is an exception to the three-year probationary period generally required by statute. (See, Education Law §3012 [1] [a].)
Education Law § 2509 (1) (a) is commonly referred to as the Jarema Amendment or Jarema credit. (See, Matter of Robins v Blaney, 59 NY2d 393, 399 [1983].) The parties agree this section applies to the respondent District. As amended (L 1975, ch 140, § 1) it contains the same exception as is set forth in section 3012 (1) (a), that the probationary period of a previously tenured teacher shall not exceed two years. In pertinent part the Jarema Amendment itself provides that a teacher who serves as a regular substitute for a period of two years need only serve a one-year probationary period to attain tenure. Jarema credit may be applied as long as the regular substitute service was performed before the probationary period began. (Matter of Robins v Blaney, supra; Matter of Pascal v Board of Educ., 100 AD2d 622 [2d Dept 1984].) Furthermore, the Commissioner of Education has interpreted this section as permitting a teacher to obtain credit for a period of regular substitute service of less than two years, as long as it is at least one term in length. (See, Matter of Imhof, 17 Ed Dept Rep 208; Matter of Motak, 16 Ed Dept Rep 358; Matter of Waterman, 13 Ed Dept Rep 68; Matter of Artale, 13 Ed Dept Rep 84; Matter of Mugavin, 12 Ed Dept Rep 191.) This interpretation has been upheld by the court as rationally based. (See, Matter of Robins v Blaney, supra.) Thus, with the noted restrictions, a teacher who has never been tenured may reduce his or her three-year probationary period by an amount equal to the time served as a regular substitute teacher.
In this case, petitioner contends that the one term he served as a regular substitute teacher should count toward the two-year probationary period he was required to serve. Respon *476 dents claim Jarema credit does not constitute probationary service and therefore cannot be applied toward that two-year probationary period. They claim it can only be applied toward reducing the maximum three-year probationary period.
The Court of Appeals has recognized that the statute at issue is not free from ambiguity. (Matter of Robins v Blaney, supra.) However, it has set down guidelines for interpreting statutes involving tenure. For example, where practicable, statutes relating to tenure should be applied consistently. (Matter of Weinbrown v Board of Educ., 28 NY2d 474, 477 [1971].) Furthermore, the tenure system established by statute should be construed broadly in favor of the teacher; this will effectuate its purposes and avoid corruption of the system, which may arise even from good-faith efforts to apply it. (Ricca v Board of Educ., 47 NY2d 385, 391 [1979].)
The purpose of a probationary period is to provide a school district with an opportunity to establish whether a teacher is " 'competent, efficient and satisfactory’ ” before granting that teacher tenure. (Matter of Weinbrown v Board of Educ., supra, p 476.) The sponsor of the original bill, Assemblyman Stephen J. Jarema, stated that whether a person is suited to the profession can be determined over the probationary period, irrespective of whether the position held is that of a substitute or a probationary teacher. (L 1936, ch 680, New York State Bill Jacket, at 36.) This indicates he intended Jarema credit to be part of the probationary period. The then Deputy Commissioner and Counsel of the State Education Department advised the Governor by memorandum that it was reasonable to conclude that information as to a teacher’s ability could be obtained while that teacher was serving as a substitute, and therefore the one-year probation period would be all that was necessary to ascertain whether tenure should be given. (L 1936, ch 680, New York State Bill Jacket, at 34.) In fact, a School District may grant tenure at any time because the probationary period set forth by statute is a maximum period, not a minimum requirement. (Matter of Weinbrown v Board of Educ., supra.)
The amendment to section 2509 which reduced the maximum probationary period for previously tenured teachers such as petitioner from three years to two years was added in 1975 (L 1975, ch 140, § 1). This was some 39 years after the Jarema credit went into effect. Nowhere in that 1975 amendment does *477 it prohibit the application of the Jarema credit to the reduced probationary period. The exact same amendment was simultaneously added to section 3012 (1) (a). (See, L 1975, ch 140, § 3.) It reduces the probationary period set forth in that section.
Based upon all of the aforesaid, including the broad interpretation in favor of teachers to be given tenure statutes, I conclude the effect of the 1975 amendment was to permit previously tenured teachers not dismissed for disciplinary reasons to apply Jarema credit toward their maximum probationary period. Therefore, petitioner is entitled to one-half year of such credit.. He was required thereafter to serve another one and one-half years to meet his two-year probationary requirement. He did this. Consequently, he completed his probationary period on September 1, 1984.
Tenure by estoppel results when, with full knowledge and consent, a school board permits a teacher to continue beyond the time his probationary term expires, without taking any action required by law to grant or deny tenure. (Lindsey v Board of Educ., 72 AD2d 185, 186 [4th Dept 1980].) In this case, petitioner continued to teach beyond September 1, 1984 with respondents’ knowledge and consent. Therefore, respondents are estopped from denying he has tenure.
As to respondents’ contention that this will mean anyone who has served two years as a regular substitute will be given "instantaneous tenure” without any probationary period, the statute does provide a one-year minimum probationary period. Perhaps that will be found to be applicable in the situation posited by respondents. In any event, that is not the case now before this court. This petitioner has already served one and one-half years under a probationary appointment in the respondent District. Furthermore, were the court to adopt respondents’ contentions, it would work a hardship upon previously tenured teachers as opposed to nontenured teachers. A teacher who was never tenured and served as a regular substitute for two years could obtain tenure after a one-year probationary period, but a teacher who was previously tenured and served a similar period as a regular substitute would be required to serve a two-year probationary period. Surely, this result would be unjust.
Accordingly, the petition is granted.