■ In the Matter of PATRICK CARPENTER, Respondent, v BOARD OF EDUCATION et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the petitioner's reinstatement as a tenured teacher, the appeal is from a judgment of the Supreme Court, Nassau County (Burstein, J.), entered February 20, 1986, which granted the petition, and directed the appellants to reinstate the petitioner, with back pay and benefits, effective February 27, 1985.

Ordered that the judgment is affirmed, without costs or disbursements.

It is undisputed that the petitioner served as a regular substitute teacher in the employ of the appellants beginning September 1, 1982. He became a probationary teacher on February 28, 1983, and continued to work in that capacity until his employment was terminated, effective February 27, 1985. It is also conceded that the petitioner had received tenure as a teacher in a different school district prior to his employment with the appellants. We agree with Special Term that under these circumstances the petitioner's probationary term expired on September 1, 1984. Since the appellants permitted him to continue to teach subsequent to that time, they acquiesced in his obtaining tenure (see, Ricca v Board of Educ., 47 NY2d 385, 390; Matter of Lindsey v Board of Educ., 72 AD2d 185, 186; Matter of Pascal v Board of Educ., 100 AD2d 622, 623-624).

Our conclusion that the petitioner's probationary term expired on September 1, 1984 is based upon the provisions of Education Law § 2509 (1) (a). As a teacher who had previously been granted tenure by a different school district, the petitioner's probationary term could be no longer than two years, pursuant to the terms of that statute. Furthermore, pursuant to the construction placed upon that statute by the Commissioner of Education, with the approval of the Court of Appeals (see, Matter of Robins v Blaney, 59 NY2d 393), the one-half year period of time during which the petitioner served as a regular substitute teacher must be counted as part of the two-year probationary term.

We reject the appellants' argument that the credit given to the petitioner on account of his service as a regular substitute teacher, commonly referred to as "Jarema credit" (see, Matter of Robins v Blaney, supra), may not serve to lessen the petitioner's statutory two-year probationary term, although that credit would concededly serve to reduce an ordinary three-year term applicable to probationary teachers who, unlike the petitioner, had never received tenure with a different school district. Absolutely no distinction exists between ordinary probationary teachers, on the one hand, and probationary teachers who have previously been tenured on the other, which would rationalize a rule allowing the former class of teachers to benefit from "Jarema credit", but not the latter. Just this sort of irrational distinction would result if we were to accept the construction of the statute urged upon us by the appellants. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur. [See, 130 Misc 2d 474.]