OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Prior to his employment by respondent Board of Education, petitioner had received tenure as a high school science teacher in another school district in the county. On September 1, 1982, he was employed by respondent as a regular substitute science teacher. After completing one term, petitioner was granted probationary status effective February 28, 1983. Thereafter, the Board voted not to award him tenure and terminated his services effective February 27, 1985. By this article 78 proceeding, petitioner sought a declaration that he acquired tenure by estoppel when the Board retained his services after September 1, 1984 — a period of two years from his first employment by respondent as a substitute teacher and IV2 years from the inception of his probationary status. Petitioner contended that, as a previously tenured teacher, his maximum probationary period was only two years (Education *834 Law § 3012 [1] [a]), and that this period was further reduced by a half-year "credit” for his term as a substitute teacher (Education Law § 2509 [1] [a]). Special Term accepted petitioner’s contention and the Appellate Division affirmed.
Education Law § 2509 (1) (a) provides that a teacher shall be appointed for a probationary period of three years, after which the teacher may be recommended for tenure. However, for a teacher who has rendered two years of satisfactory service as a regular substitute, the probationary period is limited to one year (Education Law § 2509 [1] [a]). Moreover, a period of service as a regular substitute teacher of less than two years may be applied to reduce the three-year probationary period proportionately (Matter of Robins v Blaney, 59 NY2d 393, 398). A separate section of the Education Law also applicable here — section 3012 (1) (a) — repeats the provision for a probationary period of three years but specifies that, for a teacher previously tenured in another school district in the State and not dismissed as a result of disciplinary charges, the probationary period shall not exceed two years.
We cannot accept petitioner’s contention that the separate statutory reductions from the three-year probationary period for regular substitute teachers (Education Law § 2509 [1] [a]) and for previously tenured teachers (Education Law § 3012 [1] [a]) may be aggregated. Neither these sections themselves— each independently beginning with the three-year probationary term — nor their legislative history state that they may be cumulated. Moreover, while there is a recognized distinction between regular and substitute service preceding tenure (see, Matter of Robins v Blaney, supra), accepting petitioner’s contention would as a practical matter eliminate any requirement of actual probationary teaching service for a previously tenured teacher with two years’ substitute service. The necessity for a term of actual probationary teaching service — providing an opportunity to evaluate a teacher designated by the Board of Education as a candidate for permanent tenure before that critical determination is made — is evident in various sections of the Education Law (see, e.g., §§ 2509, 2573, 3012, 3014). The response tendered to allay the concern that probationary service may be eliminated — that some minimum period of probationary service (perhaps one year) should be read into the statute — necessarily would require judicial legislation, and must be rejected for that reason.
Recognizing that the Legislature can act to confer the double deduction if that is its intention, we conclude that the *835 statutory máximums of Education Law § 2509 (1) (a) and § 3012 (1) (a) are independent of each other, with the shorter of the two probationary periods to govern in particular cases when both are applicable. As a previously tenured teacher, petitioner was subject to the two-year probationary period, he was terminated before it expired, and he therefore did not acquire tenure by estoppel.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., Bellacosa and Dillon* concur in memorandum.
Order reversed, etc.

 Designated pursuant to NY Constitution, article VI, § 2.