■ In the Matter of EDWARD MACK, Appellant, v BOARD OF EDUCATION OF THE WEST HEMPSTEAD UNION FREE SCHOOL DISTRICT et al., Respondents. [618 NYS2d 432] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the West Hempstead Union Free School District which, in effect, discharged the petitioner from his position as a tenured driver's education teacher, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered April 15, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The instant appeal arises from the dismissal of the petitioner, Edward Mack, a tenured driver's education teacher who also taught physical education for 14 years of his employment. Mack was discharged when the driver's education program was canceled by the Board of Education of the West Hempstead Union Free School District (hereinafter the school district). Following his discharge, Mack brought a petition in Nassau County Supreme Court for a declaration that the school district's action was arbitrary, capricious, unreasonable and improper. Mack further sought reinstatement as a teacher of physical education and retroactive payment of his salary and other benefits from the date of his discharge. The Supreme Court denied the petition and held that Mack failed to establish that he had tenure as a teacher of physical education because he was never appointed to that position by the school district. On appeal, Mack contends, *inter alia,* that he is entitled to tenure based on the amount of time he worked as a physical education instructor.

"Tenure by estoppel results when a school board fails to

take the action required by law to grant or deny tenure and, with full knowledge and consent, permits a teacher to continue to teach beyond the expiration of her probationary term" *(Matter of Pascal v Board of Educ.,* 100 AD2d 622, 624). In the instant case, Mack was appointed by the school board to teach driver's education in 1969, and he continued to teach driver's education thereafter. Commencing with the 1975-1976 school year, he was allegedly assigned by the Director of Health, Physical Education, Recreation and Driver Education to teach two physical education classes in addition to driver's education. However, Mack failed to present any evidence that the school board ever granted him a probationary appointment as a physical education teacher or that it either knew of or consented to his assignment to teach physical education by the Director of Health. Nor is there any other evidence in the record to indicate that the school board was made aware of the assignment. Accordingly, Mack failed to establish that the school board with full knowledge and consent allowed him to continue to teach physical education.

Since Mack has not shown that he was either appointed by the school board or that he achieved tenure by estoppel, he does not have any rights to a tenured position in the area of physical education and the Supreme Court properly denied his petition. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.