■ In the Matter of MARY WALTERS, Respondent, v AMITYVILLE UNION FREE SCHOOL DISTRICT, Appellant. [674 NYS2d 763] —In a proceeding pursuant to CPLR article 78 to review a determination of the Amityville Union Free School District, dated August 12, 1996, which terminated the petitioner's employment as a teaching assistant, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated July 15, 1997, which granted the petition to annul the termina-

tion and to restore the petitioner to her position retroactive to the last date of her employment, with full back pay and all accrued emoluments of employment.

Ordered that the judgment is affirmed, with costs.

The petitioner was continuously employed as a teaching assistant in the Amityville Union Free School District (hereinafter the District) from September 1, 1990, through September 17, 1996. According to the practice in the District, the determination as to whether to reappoint a teaching assistant is made at the end of the school year at which time the teaching assistant is notified in a letter whether his or her services will be required the next year. Due to a clerical error, the petitioner received a letter which stated that the District "is continuing your employment". Subsequently, the petitioner received another letter advising her that she would not be recommended for a teaching position for the 1996-1997 school year. The District contends that because the petitioner was a part-time employee, she was not entitled to the protections of the Education Law with respect to tenure, and that she could be discharged from her employment without proper cause, notice, and a hearing (see, Education Law §§ 3012, 3020-a).

The Supreme Court properly determined that the petitioner was a full-time employee. The letter which was sent by the District at the end of the school year referred to the petitioner's "continuing" employment. In addition, the benefits provided to the petitioner under the collective bargaining agreement, including, for example, step increases in salary and eligibility for longevity payments, were typically reserved for full-time employees. Moreover, the petitioner, who was employed on a five-day work week, five and one-half hours a day, was never given any indication that she was considered to be employed part-time in the six years that she worked for the District. In fact, the District's job postings state whether a position is part-time, and the job posting for the petitioner's position gave no indication that the job was part-time.

Although the District never affirmatively awarded her tenure, the petitioner acquired tenure by estoppel as she continued to be employed as a full-time teaching assistant in the area of special education, with the knowledge of the board, beyond the required three-year probationary period (see, Education Law § 3012; *Matter of McManus v Board of Educ.*, 87 NY2d 183; *Matter of Gould v Board of Educ.*, 81 NY2d 446; *Ricca v Board of Educ.*, 47 NY2d 385; *Matter of Mack v Board of Educ.*, 209 AD2d 416; *Matter of Pascal v Board of Educ.*, 100 AD2d 622). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.