■ In the Matter of ANGELINE S. AGRESTI, Respondent, v. N. PAUL BUSCEMI, as Superintendent of Schools of Union Free School District No. 5, Town of Babylon, et al., Appellants.— This proceeding pursuant to article 78 of the CPLR (1) to annul appellant superintendent of schools' notice that petitioner would not be recommended for the granting of tenure as an Elementary School Principal in the Copiague School District and (2) to adjudge that petitioner holds such tenure was previously remanded by this court for trial (*Matter of Agresti* v. *Buscemi,* 28 A D 2d 877). Such trial has been had and, as a result, a judgment of the Supreme Court, Suffolk County, was entered on May 16, 1968, adjudging that petitioner attained tenure as principal on September 1, 1965 and as assistant principal on November 16, 1963. The present appeal is from that judgment. Judgment modified, on the law and the facts, by striking out the first and second decretal paragraphs. As so modified, judgment affirmed, without costs. In our opinion, the services performed by petitioner, when taken into consideration with the graduate studies pursued, should not be deemed the requisite service required by section 3012 of the Education Law to satisfy the three-year probationary period necessary before tenure will accrue by acquiescence. As a result, the notice dated April 27, 1966, informing petitioner that she would not be recommended for tenure as principal, was effective. The testimony at the trial indicates that petitioner clearly did not perform the day-by-day functions as principal at the Deauville Gardens elementary school and furthermore the documentary evidence establishes that she did not pursue the program submitted in conjunction with her request for a sabbatical leave, upon which a sabbatical leave was approved. Since petitioner was informed on two occasions that the leave would extend the probationary term as principal, her contention of tenure by estoppel is refuted. However, petitioner has attained tenure as assistant principal as of November 16, 1963. In *Matter of Monan* v. *Board of Educ. of City of Buffalo* (280 App. Div. 14), the Fourth Department held that one year's service as assistant principal plus two years' service as principal is sufficient to constitute tenure as assistant principal. The holding in *Matter of Becker* v. *Board of Educ. of Middleburgh Cent. School Dist. No. 1* (9 N Y 2d 111) is not to the contrary. In *Becker,* there was a total of six years of probationary service in three separate tenure areas, to wit: kindergarten, elementary, and teacher of French and Latin. In no one tenure area did the petitioner therein complete the required probationary period to achieve tenure. In the instant case petitioner served a total of five years as assistant principal and principal, though three full years were not spent in either position. The Copiague Public School By-Laws, however, do not designate these two positions as two separate tenure areas. To be exact, there is a complete absence of any mention of the position of assistant principal or under which tenure it would fall. In line with the *Monan* rationale it appears to us that services performed by petitioner as principal should

be deemed the requisite probationary service as an assistant principal, which position requires a similar type of supervisory and administrative service. Rabin, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.