OPINION OF THE COURT
 

 Memorandum.
 

 In each case the order of the Appellate Division should be affirmed, without costs, but on grounds other than those relied on by that court.
 

 Although the Board of Correction has authority to make recommendations and submit reports of its findings to the Commissioner of Correction, it has no authority to render an appellate decision binding on the commissioner with respect to his application, in individual cases, of the standards promulgated by the board. Authority to revoke the pass of Thomas McCreary granting access to the correctional facilities in the City of New York lay within the discretion of the commissioner in conformity with the standards promulgated by the board pursuant to subdivision e of section 626 of the New York City Charter, and the reinstatement of his pass cannot be classified as a purely ministerial act. Accordingly, there is no clear legal right to any such reinstatement, and the extraordinary remedy of mandamus to compel does not lie
 
 (Matter of Legal Aid Soc.
 
 
 *747
 

 v Scheinman,
 
 53 NY2d 12; see
 
 Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett,
 
 40 NY2d 571,574;
 
 Matter of Gimprich v Board of Educ.,
 
 306 NY 401, 406). It was error for the courts below to have considered the case on the merits.
 

 In the case of Naomi Burns the commissioner has withdrawn his objections and reinstated her institutional pass.
 

 In view of the dispositions we make, petitioners are not entitled to an award of attorney’s fees under section 1988 of title 42 of the United States Code.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur; Judge Kaye taking no part.
 

 Orders affirmed, without costs, in a memorandum.