OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 By this article 78 proceeding petitioner seeks to enforce claimed statutory and contractual rights to tenure. Special Term properly dismissed so much of the proceeding as sought a direction that petitioner had acquired tenure as a junior high school principal. Petitioner has tenure as a teacher in Community School District No. 6. In October 1975, he was, however, appointed to central administration as Deputy Superintendent in charge of curriculum and instruction. Effective December 14, 1977, he was assigned as acting junior high school principal in charge of curriculum and instruction, the minutes noting, however, that functionally he would continue to serve as Deputy Superintendent.
 

 After petitioner passed the examination for junior high school principal, he was, by resolution of May 22, 1979, appointed "as Junior High School Principal (assigned as Deputy Superintendent in charge of Curriculum and Instruction) effective May 1, 1979.” On May 21, 1981, petitioner was appointed contracted Deputy Superintendent by a resolution of the Board, the minutes noting that he would achieve tenure as a junior high school principal on May 1, 1982. On November 12, 1981, he was appointed Acting Community Superintendent to serve until the Board elected a contracted Community Superintendent. During all of the time from October 3, 1975 until he became Acting Community Superintendent, petitioner served as Deputy Superintendent in charge of curriculum and instruction.
 

 On June 30,1982, the day before the new Community Superintendent took office, petitioner and respondent Board entered into a contract referring to the May 21,1981 resolution and providing that petitioner was to serve as Deputy Community Superintendent for two more years and that the time he had served as Acting Community Superintendent would not be subtracted from time to be credited toward completion of petitioner’s probation as a junior high school principal. Notwithstanding that contract, the new Community Superintendent removed petitioner from his central administration position, assigned him to serve as a
 
 *654
 
 junior high school principal, effective September 1, 1982, and because petitioner had never served as a principal, requested that he agree to a one-year extension of his probationary period so that she could evaluate his performance in that position. Petitioner having refused to agree to the extension, he was informed by letter from the Superintendent on November 30,1982, that he would not be granted tenure. On December 9,1982, the Community School Board voted to deny petitioner tenure as a principal.
 

 Although petitioner served as a junior high school principal only during the period between September 1, 1982 and November 30, 1982, he claims tenure by estoppel by reason of (1) the year and five months between December 14, 1977 and May 1, 1979 during which he held the title of "acting” principal, and (2) the greater than three-year period between May 1, 1979 and June 30, 1982 during which he held appointment as junior high school principal, although serving as Deputy Community Superintendent or Acting Community Superintendent.
 

 As to the first period, what petitioner seeks is application to his situation of so-called "Jarema” credit under Education Law § 2573 (1) (a), which requires that service as a regular substitute teacher of a given subject prior to appointment as a teacher of that subject be counted as part of the three-year probationary period required for a teacher to obtain tenure.
 
 [1]
 
 By its terms, however, that provision addresses only
 
 teacher
 
 tenure. The analogous statute dealing with supervisory tenure (Education Law § 2573 [1] [b]) contains no parallel provision. From the inclusion of the requirement as to teachers and its omission as to supervisory personnel there arises an irrefutable inference that the Legislature did not intend such a requirement to apply to the latter
 
 (Eaton v New York City Conciliation & Appeals Bd.,
 
 56 NY2d 340, 345; McKinney’s Cons Laws of NY, Book 1, Statutes § 240), as, indeed, the New York City Board of Education recognized in its Special Circular No. 64.
 
 [2]
 

 Matter of Taylor v Berberian
 
 (61
 
 *655
 
 NY2d 613,
 
 affg
 
 96 AD2d 797), relied upon by petitioner, is not to the contrary. Although the Appellate Division noted in that case that Ms. Taylor had been granted "Jarema” credit for her service as acting principal, that fact bore no relation to the question ultimately decided, which was that termination at the end of her three-year probationary period was a function of the Superintendent rather than the Community School Board. Petitioner’s service while he held the title of acting principal may not be counted as part of his probationary period, therefore.
 

 Petitioner’s service as Deputy Community Superintendent and Acting Community Superintendent after May 1,1979 stands him in no better stead. To the extent that he relies upon the notation in the May 21,1981 resolution appointing him Deputy Community Superintendent that he would achieve tenure as a junior high school principal on May 1,1982, it is sufficient to note that although on the recommendation of its Superintendent a school board may grant tenure before expiration of the probationary period
 
 (Matter of Weinbrown v Board of Educ.,
 
 28 NY2d 474), petitioner points to no such recommendation of the Community Superintendent as a predicate for the May 21,1981 resolution. In cities having a population of 400,000 or more, the authority to grant tenure to a principal lies exclusively in the Superintendent (Mat
 
 ter of Taylor v Berberian,
 
 61 NY2d 613,
 
 supra; Matter of Carabello v Community School Bd. Dist. 3,
 
 49 NY2d 488). Indeed, the Community School Board itself seems to have so recognized by its December 9,1982 resolution denying petitioner tenure. The May 21, 1981 resolution simply has no bearing on whether petitioner acquired tenure.
 

 Petitioner’s tenure by estoppel argument reduces, therefore, to the claim that his out-of-title service after May 1,1979 must be credited and that Special Term erred in basing its holding of waiver upon
 
 Matter of Frey
 
 (12 Ed Dept Rep 299), because petitioner had not been appointed to a contractual position, as had Frey, and was, rather, simply serving temporarily out of title. The argument appears inconsistent with the May 21,1981 resolution appointing petitioner a contracted Deputy Superintendent and reciting that he was entitled to a contract pursuant to a Board resolution of two years before that date but, in our view, determination of this appeal turns not on waiver but on the purpose and intent behind the statutory provisions governing tenure. The purpose of the probationary period required by section 2573 is, as subdivision 5 of that section makes evident, to permit
 
 *656
 
 the Superintendent to ascertain whether the probationer is "competent, efficient and satisfactory” for permanent appointment. To hold petitioner entitled to tenure in the field position of junior high school principal when all but a few months of his claimed probationary service has been in central administration runs contrary to that legislative purpose, whether the out-of-title service was contractual or not
 
 (cf. Morley v Arricale,
 
 66 NY2d 665). Our holding in
 
 Ricca v Board of Educ.
 
 (47 NY2d 385, 394) that "the decision of a probationary teacher to accept a temporary assignment out of position in order to accommodate the needs of the school district does not serve to disrupt that teacher’s probationary period, nor may it lead to an increase in the length of that probationary period” is not to the contrary.
 
 Ricca
 
 involved a teacher appointed pursuant to the special procedures provided in Education Law § 2569-a for the licensing of experienced substitutes who meet certain qualifications (47 NY2d, at p 389, n 1). As such, he was not entitled to "Jarema” credit as he would have been had he been appointed under Education Law § 2509 (1) (a), the provisions of which parallel those of section 2573 (1) (a). But the same differentiation between teachers and supervisory personnel that forecloses "Jarema” credit for petitioner’s pre-May 1, 1979 services, and that warrants validation of experience through observation in the supervisory position for which tenure is sought (see, Education Law § 2573 [5];
 
 Morley v Arricale, supra),
 
 requires the conclusion that petitioner’s post-May 1, 1979 service does not entitle him to tenure by estoppel.
 

 Finally, we note that that part of the petition which seeks to require respondent Community School Board to comply with the terms and conditions of the contract of June 30, 1982 between petitioner and the Board was also properly dismissed. Petitioner failed to exhaust the administrative remedy provided by the Rules and Regulations Governing Grievances Against Community School Boards or Members.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Titone concur; Judge Alexander taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.
 

 [1]
 

 . Education Law § 2573 (1) (a) provides in relevant part: "Teachers and all other members of the teaching staff, authorized by section twenty-five hundred fifty-four of this article, shall be appointed by the board of education, upon the recommendation of the superintendent of schools, for a probationary period of three years, except that in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years or as a seasonally licensed per session teacher of swimming in day schools who has served in that capacity for a period of two years and has been appointed to teach the same subject in day schools on an annual salary, the probationary period shall be limited to one year”.
 

 [2]
 

 . Although the circular was not before Special Term, it was promulgated by the Chancellor and has the force of a rule or regulation
 
 (Matter of Lehman v Board of Educ.,
 
 82 AD2d 832, 833). Of such a regulation we may take judicial notice without request (CPLR 4511 [b]).