OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division that determinations as to the qualifications of candidates for pedagogical positions are within the purview of the Board of Education (see, Matter of Council of Supervisory Assns. v Board of Educ., 56 Misc 2d 32, 37-38, affd 31 AD2d 34, revd on other grounds 23 NY2d 458). Absent a showing that the Board acted arbitrarily or capriciously, the court may not substitute its own judgment for the Board’s on *667 matters entrusted by law to the Board’s own specialized knowledge and judgment (Matter of Antell v Board of Educ., 21 Misc 2d 119, 125, affd 10 AD2d 699).
Petitioner has not made any showing that the Board action was arbitrary or capricious. Petitioner failed to produce the requisite "contemporaneous documentation” to validate his administrative assistant time as supervisory experience. The Board therefore found that petitioner lacked the requisite two years of supervisory experience, and therefore acted in compliance with applicable Chancellor’s Regulation C-261 and regulatory Special Circular 30-R. There is a reasonable basis for requiring the supervisory documentation be contemporaneous, in that the review process is made more objective and fair. Further, the competitive selection procedure leading to assignment or appointment of a principal under Special Circular 30-R cannot be subverted without violating NY Constitution, article V, § 6.
Estoppel is not available against a local government unit for the purpose of ratifying an administrative error (the actions of the Community School Board and its Superintendent in appointing petitioner as principal) made without compliance with formally adopted selection standards and procedures (see, Matter of Bloomberg-Dubin v Board of Educ., 82 AD2d 854, 856, affd 56 NY2d 555).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed, with costs, in a memorandum.