OPINION OF THE COURT
 

 Simons, J.
 

 In this CPLR article 78 proceeding petitioner seeks to annul a resolution of respondent which terminated her employment as Hempstead Middle School Principal and to be restored to that position. She claims that she could not be terminated summarily because she acquired tenure by estoppel when the Board permitted her to serve as Principal for more than three years, one year as "Acting” Principal and two additional years following her appointment to a probationary term as Principal. Supreme Court dismissed the petition and the Appellate Division affirmed. We now reverse.
 

 
 *186
 
 I
 

 Petitioner Joan McManus is a career educator and certified school administrator who has been employed by respondent Hempstead Union Free School District for 26 years. In July 1989, the position of Middle School Principal became vacant. A month later the Board appointed petitioner "Acting” Middle School Principal while a search was conducted to find a replacement. After a year’s search, the Board concluded petitioner was the preferred candidate. On August 17, 1990 it appointed her to the position with a two-year probationary period and adjusted her status accordingly.
 

 In May 1991, questions arose concerning petitioner’s tenure date and the District sought the advice of the New York State Department of Education. It informed respondent that (1) petitioner’s probationary period began in August 1990, (2) that notwithstanding the Board’s resolution purportedly setting her probationary period at two years, petitioner was required to serve a three-year probationary appointment and (3) that she was not entitled to earn credit for substitute service, commonly known as "Jarema” credit. Based on this ruling, petitioner was notified by letter dated July 11, 1991, that her probationary period ran from August 1990 to August 1993. She raised no objection at the time.
 

 In May 1993, the Superintendent informed petitioner that he was not recommending her for tenure as Principal of the Middle School and the Board subsequently voted to accept the Superintendent’s recommendation to terminate her. This proceeding followed.
 

 In dismissing the petition, Supreme Court relied on
 
 Matter of Roberts v Community School Bd.
 
 (66 NY2d 652) and held that the year as Acting Principal did not count as part of petitioner’s probationary period because only teachers may claim substitute, or "Jarema”, credit. Alternatively, it concluded that petitioner was foreclosed from claiming that she had acquired tenure because she failed to object to the Board’s July 11, 1991 letter fixing the commencement and expiration of her probationary period. The Appellate Division unanimously affirmed.
 

 II
 

 In general, "estoppel” is a bar which precludes a party from denying a certain fact or state of facts exists to the detriment of another party who was entitled to rely on such facts and
 
 *187
 
 had acted accordingly
 
 (Nassau Trust Co. v Montrose Concrete Prods. Corp.,
 
 56 NY2d 175, 184). Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher’s probationary term
 
 (Matter of Gould v Board of Educ.,
 
 81 NY2d 446, 451;
 
 Matter of Lindsey v Board of Educ.,
 
 72 AD2d 185, 186).
 

 Under the provisions of Education Law § 3012 (1) (b), principals must serve a three-year probationary period to achieve tenure. Petitioner maintains, however, that the Board artificially extended her three-year "probationary period” by appointing her an "acting” principal during her first year of service and commencing her official three-year probationary period thereafter. She maintains that inasmuch as she had served in the position for a total of three years, she had acquired tenure by estoppel before the Board acted in August 1993 to deny her tenure and terminate her employment as Principal.
 

 Although we have not interpreted Education Law § 3012 (1) (b), we have addressed the related issue of whether a probationary period under former Education Law § 2569-a can be extended by delaying the formal appointment of a qualified teacher to an available position which the teacher already fills
 
 (see, Ricca v Board of Educ.,
 
 47 NY2d 385). Petitioner there contended that his probationary period began when he became eligible for appointment and assumed the duties of the position, and that he had obtained tenure by virtue of the board’s acquiescence in his continued employment more than three years later. We concluded that he had established tenure "by operation of law.” Construing the tenure rules broadly in favor of the teacher to foster the purposes they were designed to effectuate, academic freedom and the protection of competent teachers from fear of dismissal, we held that "a school district may not artificially increase the length of the probationary period established by State Law, either directly or indirectly by unduly delaying the formal appointment of a teacher to a particular position which that teacher in fact fills”
 
 (Ricca,
 
 47 NY2d, at 392).
 

 Although
 
 Ricca
 
 addressed a section of the Education Law governing teachers rather than administrators, the policy considerations we announced there apply equally to this case. Much like the petitioner in
 
 Ricca,
 
 Joan McManus was eventually appointed on a probationary basis to a position which she
 
 *188
 
 had been filling for almost a year. Inasmuch as probationary periods are employed to determine if appointees are "competent, efficient and satisfactory” for purposes of recommending tenure, there is no reason why petitioner’s service following hér initial appointment should be considered anything less than time accrued towards reducing the official three-year probationary period the statute requires. Tenure evaluations can be made after three years regardless of the title under which the probationer serves and a Board may not undermine the policies behind the tenure system and artificially extend the probationary period by designating a position "acting” or "temporary”.
 

 Decisions of the Commissioner of Education lend support to this view. Thus, the Commissioner has stated:
 

 "The Board cannot deny tenure and other rights and privileges to appellants simply by refusing to designate appellants by a specific title * * * Merely calling the act of the Board an 'assignment’ rather than an 'appointment’ does not help the situation. Such a procedure is not compatible with the procedures of the Education Law”
 
 (Matter of Still-man
 
 (2 Ed Dept Rep 294, 296)
 

 and in
 
 Matter of McPhillips
 
 (13 Ed Dept Rep 95, 97) he ruled:
 

 " '[I]n case of a vacancy, an appointment * * * must be made for a probationary period of three years. There is no legal authority for a "temporary” appointment’ ”
 
 (see also, Matter of Sullivan,
 
 5 Ed Dept Rep 62;
 
 Matter of Susskind,
 
 5 Ed Dept Rep 187;
 
 Matter of Murphy,
 
 8 Ed Dept Rep 101;
 
 Matter of Cardo,
 
 8 Ed Dept Rep 182).
 

 While the Commissioner’s decisions are not binding on us, they are persuasive authority and support our present interpretation of Education Law § 3012
 
 (see, Matter of Lezette v Board of Educ.,
 
 35 NY2d 272, 281).
 

 Respondents rely on
 
 Matter of Roberts v Community School Bd.
 
 (66 NY2d 652,
 
 supra),
 
 as did the courts below.
 
 Roberts
 
 involved "Jarema” credit, i.e., credit accrued as a substitute teacher and applied towards reducing the probationary period following a permanent appointment (Education Law §§ 2509, 2573). The courts in
 
 Roberts
 
 correctly noted that the statute does not apply to administrative or supervisory personnel, and there is no similar statute which does. But "Jarema” credit is
 
 *189
 
 not the issue in this case. Petitioner was filling a position left vacant by the termination of the prior Middle School Principal, and was by definition, not acting as a "substitute”, i.e., one taking over a position on behalf of another who is either temporarily unable to perform the duties on a short-term basis because of sickness, leave of absence or similar reasons
 
 (see, Matter of Axel v Board of Educ.,
 
 56 AD2d 598, 599;
 
 see also, Matter of Brewer v Board of Educ.,
 
 51 NY2d 855, 858). She was appointed to a vacant position and our denial of relief to administrative personnel in
 
 Roberts
 
 is not controlling.
 

 Ill
 

 Alternatively, respondents contend that the petitioner should be estopped from claiming she acquired tenure because she failed to challenge the probationary dates contained in the Superintendent’s letter of July 11, 1991. They maintain that by failing to object, petitioner misled the Board into relying on the dates in the letter and it lost the opportunity to conduct a timely tenure determination before expiration of the three-year period. It also contends that in failing to object to the probationary period dates contained in the letter, petitioner waived her right to contest them.
 

 Petitioner cannot be estopped from asserting a state of facts that were known to all parties throughout the transaction. She is asserting a legal conclusion arising out of these facts, not seeking relief on the basis of something concealed from the Board, and a school board cannot be misled as to the legal significance of facts within its own knowledge
 
 (Gould,
 
 81 NY2d, at 451,
 
 supra).
 

 Nor do we find petitioner has waived her right to claim tenure by estoppel. "While a teacher may waive a right to tenure
 
 (see, Matter of Feinerman v Board of Coop. Educ. Servs.,
 
 48 NY2d 491), such waivers must be knowingly and freely made; they should not be implied or presumed
 
 (see, id.,
 
 at 497;
 
 Matter of Baer v Nyquist,
 
 34 NY2d 291, 299). There is no evidence in this case that petitioner knew of her right to probationary appointment and knowingly waived it and she cannot be held to have waived rights of which she was unaware
 
 (see, Gould,
 
 81 NY2d, at 452,
 
 supra; Hadden v Consolidated Edison Co.,
 
 45 NY2d 466, 469;
 
 Werking v Amity Estates,
 
 2 NY2d 43, 52).
 

 In sum, petitioner’s probationary period includes the year she served as "Acting” Principal. By permitting her to serve beyond three years in the same position, respondent Board of
 
 *190
 
 Education acquiesced in her obtaining tenure and petitioner acquired tenure by estoppel.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, the petition granted and the matter remitted to Supreme Court, Nassau County, for a determination of back pay and other relief resulting from petitioner’s wrongful termination.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed, with costs, petition granted and matter remitted to Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein.