■ In the Matter of ROBERT LILLEY, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [710 NYS2d 712] —Spain, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 27, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education terminating petitioner's employment and denying him tenure.

In October 1993, petitioner, a certified school psychologist, was employed by respondent George Junior Republic Union Free School District (hereinafter the District) to replace a part-time, per diem school psychologist. He was informed that as a result of low enrollment, the District's inability to accurately predict the need for the services of a school psychologist for the 1993-1994 school year and financial problems, the District could not afford a full-time psychologist. He was paid on a per diem basis and received none of the benefits of the District's full-time employees, such as health benefits and paid leave. Although petitioner alleged that he worked regularly during the 1993-1994 school year, one of the District's Superintendents explained that petitioner "was not obligated to report to work on a daily basis, just as the District was not obligated to utilize his services on a daily basis or pay him for days he did not work."

In July 1994, the then-Superintendent spoke with petitioner about changing his status to a full-time employee and he agreed. The District's Board of Education subsequently created a full-time position and appointed petitioner as a probationary school psychologist effective July 1, 1994. He continued in that full-time position until the District terminated his employment effective June 30, 1997. Petitioner thereafter appealed to respondent Commissioner of Education, claiming that he had acquired tenure by estoppel as a result of his work during the 1993-1994 school year as "a full-time 'per diem' substitute school psychologist." After the District answered, petitioner abandoned his claim that he worked as a substitute, claiming instead that he was employed as a full-time school psychologist beginning in October 1993. The Commissioner denied the appeal and petitioner commenced this CPLR article 78 proceeding to review the Commissioner's determination. Petitioner now appeals from Supreme Court's dismissal of his petition.

"Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" (*Matter of McManus v Board of Educ.*, 87 NY2d 183, 187 [citations omitted]). It is undisputed that petitioner's probationary term was three years and that in order to be entitled to tenure by estoppel, petitioner must receive probationary service credit for his work during the 1993-1994 school year. Recognizing that part-time service is generally insufficient to establish tenure by estoppel (*see, Matter of Ceparano v Ambach*, 53 NY2d 873), the Commissioner focused on the issue of whether petitioner's duties during the 1993-1994 school year were full time and concluded that petitioner had failed to meet his burden of proof on the issue.

The Commissioner's determination must be upheld unless it is arbitrary and capricious and without rational basis (*see, Catlin v Sobol*, 77 NY2d 552, 561; *Matter of Strongin v Nyquist*, 44 NY2d 943, 945, *appeal dismissed, cert denied* 440 US 901). While we agree with petitioner that the nature of the position cannot be determined by the label given to it by the District and depends instead on the realities of the position and its accompanying duties (*see, Ricca v Board of Educ.*, 47 NY2d 385, 393), the record nevertheless demonstrates that the Commissioner's determination has a rational basis. At a time when the District's future need for the services of a school psychologist was unclear, petitioner was appointed to replace a school psychologist who served part time. Petitioner was paid only for

days he worked and did not receive the generous benefits that the District's full-time employees received. Nor was he subjected to disciplinary action when he was absent for an entire school week without notifying the District that he would be absent.

The record also demonstrates that the change of the position to full time in July 1994 was more than a mere change of labels. Petitioner was thereafter paid a salary and received the additional benefits provided to the District's full-time employees. According to the Superintendents who served the District during the time of petitioner's employment, petitioner's duties also changed after July 1, 1994; in particular, petitioner began to serve as Chair of the Committee on Special Education, with added duties as a result thereof.

Petitioner's reply lists each of the duties contained in the November 1994 job description established by the District for the full-time school psychologist position and claims that petitioner performed those duties during the 1993-1994 school year, although he also concedes that his duties "intensified" after July 1994. Considering the conclusory nature of his reply, petitioner's concession that his duties "intensified," the absence of any independent evidence—such as documents or affidavits of disinterested persons with knowledge of the facts—to support petitioner's self-serving allegations and the failure to include his claim with respect to his 1993-1994 duties in his petition (see, 8 NYCRR 275.10), we find nothing arbitrary and capricious or irrational in the Commissioner's implicit conclusion that the reply was entitled to little weight. Contrary to petitioner's argument, he was not entitled to either a hearing before the Commissioner or a trial in connection with this CPLR article 78 proceeding (see, Matter of Akshar v Mills, 249 AD2d 786, 787-788, lv dismissed 92 NY2d 962). We have considered petitioner's other contentions and find them lacking in merit. Supreme Court correctly dismissed the petition and, therefore, the judgment should be affirmed.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.