■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. REGGIE CASWELL, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [718 NYS2d 923] —Appeal unanimously dismissed without costs (*see, People ex rel. Caswell v New York State Div. of Parole,* 273 AD2d 927, *lv denied* 95 NY2d 761). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.— Habeas Corpus.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.

■ In the Matter of ROBERT C. GREENLAND, Petitioner, v CHARLES J. HANNIGAN, as Niagara County Court Judge, et al., Respondents. [718 NYS2d 560] —Proceeding unanimously dismissed without costs. Memorandum: Petitioner commenced this original proceeding pursuant to CPLR article 78 seeking to compel respondents to classify him as a level 2 sex offender instead of a level 3 sex offender. We conclude, however, that the proceeding must be dismissed because it was not timely commenced (*see,* CPLR 217 [1]). Petitioner contends that the determination of respondent County Court Judge was not an "unambiguously final decision" (*Matter of Carter,* 95 NY2d 267) because the court clerk allegedly handed petitioner a form entitled "Notice of Risk Level Assessment," which detailed an appeals process to the Division of Probation and Correctional Alternatives (Division). He contends that he relied on that form to his detriment by pursuing that appeals process, thus rendering this proceeding untimely. We reject that contention. The form was blank, omitting petitioner's risk level or any signatures, and thus petitioner cannot be heard to contend that he relied on a blank form. Furthermore, the determination of County Court, unlike an administrative determination, could not be appealed to the Division, an administrative agency. Thus, petitioner has not established that he was entitled to rely on that form (*see, Matter of McManus v Board of Educ.,* 87 NY2d 183, 186-187), and the proceeding must be dismissed as untimely. (Original Proceeding Pursuant to CPLR art 78.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.