■ In the Matter of KIMBERLY HACKER, Respondent, v QUE-STAR III, Formerly Known as RENSSELAER-COLUMBIA-GREENE BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Appellant. [819 NYS2d 326]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 9, 2006 in Columbia County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner tenure and terminating her employment.

Respondent, formerly known as the Board of Cooperative Educational Services Rensselaer-Columbia-Greene Counties, appointed petitioner to a three-year probationary term as a school psychologist, effective September 12, 2001. During the 2001-2002 and 2002-2003 school years, she served as a full-time school psychologist, but in the third year of her employment, respondent informed petitioner that it had not secured funding for her position and offered her only a part-time.7 full-time equivalent (hereinafter FTE) appointment. Although petitioner notes that respondent's Board of Education did not pass any resolution changing the terms of her probationary period or declaring her to be a part-time employee, it is undisputed that petitioner accepted a reduced salary and benefits commensurate with her .7 FTE appointment. In addition to her paid position with respondent, petitioner arranged to spend 1½ days per week working for respondent in an unpaid administrative internship, for which she received credit toward a school administrator's certification at the College of Saint Rose. Respondent offered to restore petitioner to a full-time position in October 2003 when more funding became available, but petitioner opted to remain in her .7 FTE position at a reduced salary and complete her internship. She denies respondent's as-

sertion that it informed her that a part-time position would not count towards tenure and would interrupt her probationary appointment.

The following year, petitioner resumed her full-time position as school psychologist with a full restoration of salary and benefits. She resigned in June 2005, prior to the completion of the school year, upon learning that respondent did not intend to grant her tenure. In September 2005, petitioner attempted to rescind her resignation, alleging that she had achieved tenure by estoppel. When respondent refused to reinstate her, petitioner commenced this CPLR article 78 proceeding. Supreme Court determined that petitioner had obtained tenure by estoppel and ordered respondent to reinstate her to a full-time position as a school psychologist. Respondent appeals and we now reverse.

Respondent asserts that because petitioner's one year of part-time employment does not constitute probationary service for the purpose of acquiring tenure under its policies, she did not complete the required three-year probationary period and, thus, cannot acquire tenure by estoppel. It is well settled that "[u]pon recommendation of the district superintendent of schools, [a board of cooperative educational services] must grant or deny tenure during the probationary term, and if not recommended for tenure a teacher must receive written notice no later than 60 days before expiration of the probationary term" (*Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d 110, 114 [1997]; *see* Education Law § 3014 [2]). A teacher acquires tenure by estoppel " 'when a school board fails to take the action required by law to grant or deny tenure and, with full knowledge and consent, permits a teacher to continue to teach beyond the expiration of [the] probationary term' " (*Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 451 [1993], quoting *Matter of Lindsey v Board of Educ. of Mt. Morris Cent. School Dist.*, 72 AD2d 185, 186 [1980]; *see Matter of McManus v Board of Educ. of Hempstead Union Free School Dist.*, 87 NY2d 183, 187 [1995]). When a teacher and board of education mistakenly believe that the teacher is resigning from a probationary position but the teacher has, in fact, acquired tenure by estoppel, the resignation is ineffective and may therefore be rescinded (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., supra* at 452-454).

While we note, as petitioner asserts, that "tenure rules . . . should be read so as to discourage a board's use of technical obstacles and manipulable labels that can deprive a qualified teacher of tenure rights" (*Matter of Speichler v Board of Coop.*

*Educ. Servs., Second Supervisory Dist., supra* at 118; *see Matter of Baer v Nyquist,* 34 NY2d 291, 299 [1974]), it has long been held that service in a part-time position generally will not form the basis for tenure by estoppel (*see Matter of Ceparano v Ambach,* 53 NY2d 873, 875 [1981]; *Matter of Lilley v Mills,* 274 AD2d 644, 645 [2000]; *Matter of Yanoff v Commissioner of Educ. of State of N.Y.,* 66 AD2d 919, 920 [1978], *lv denied* 47 NY2d 711 [1979]; *cf. Matter of Schlosser v Board of Educ. of E. Ramapo Cent. School Dist.,* 47 NY2d 811, 813 [1979] [collective bargaining agreements providing that teachers may earn tenure credit for part-time service do not violate public policy]; *Matter of Ablondi v Commissioner of Educ. of State of N.Y.,* 54 AD2d 507, 508 [1976], *lv denied* 42 NY2d 801 [1977] [where position is inherently part time, teacher may earn tenure or seniority credit for part-time service]). Moreover, the tenure statutes "explicitly contemplate[ ] that the [b]oard [of education] is entitled to the full three-year probationary period before making a binding tenure decision with respect to a teacher" (*Matter of Remus v Board of Educ. for Tonawanda City School Dist.,* 96 NY2d 271, 278 [2001]).

Here, petitioner voluntarily spent one year—the 2003-2004 school year—working only part time as a school psychologist in order to participate in a separate administrative internship in furtherance of a school administrator certification. Although petitioner maintains that she should be treated as a full-time employee of respondent because the work that she performed during her internship inured to respondent's benefit, it is undisputed that petitioner received the salary and benefits of a part-time employee and she performed the internship for the purpose of receiving college credit, not as respondent's employee. Indeed, when given the option of returning to a position with full-time salary and benefits, petitioner chose instead to continue splitting her work between the part-time position and unpaid internship with full knowledge that she would not be paid as a full-time employee. Inasmuch as "petitioner's part-time employment [did] not constitute probationary service for the purpose of acquiring tenure" (*Matter of Yanoff v Commissioner of Educ. of State of N.Y., supra* at 920), she failed to complete her probationary term. Accordingly, petitioner did not acquire tenure by estoppel (*see Matter of Ceparano v Ambach, supra* at 875; *Matter of Lilley v Mills, supra* at 645-646) and mandamus to compel does not lie (*see e.g. Legal Aid Socy. v Ward,* 61 NY2d 744, 746-747 [1984]; *cf. Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., supra* at 453-454).

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, without costs, and petition dismissed.