*211 OPINION OF THE COURT
Thomas P. Aliotta, J.
Petitioner’s application (motion No. 2335) is granted as indicated, and respondents’ cross motion (No. 2798) is denied.
This is a CPLR article 78 proceeding brought to review respondents’ determination to suspend indefinitely petitioner’s access to Department of Correction facilities in the City of New York.
Petitioner, an attorney, was arrested in October 2006 when a correction officer observed him passing an envelope found to contain a small amount of tobacco to a client during a conference at a city correctional facility in Staten Island. He was charged with promoting prison contraband in the second degree, a class A misdemeanor (Penal Law § 205.20).
Following petitioner’s arrest, the Department of Correction restricted his access to its facilities “pending the outcome of the criminal charges.” Counsel for the department advised petitioner that he could appeal this determination to the Board of Correction. The charges subsequently were dismissed in the Criminal Court of the City of New York on speedy trial grounds (CPL 30.30). Upon dismissal of the charge, petitioner wrote to the Board of Correction requesting that it “reverse the Department’s punishment.”
In a letter to petitioner dated March 26, 2007, the board “granted the appeal” and on the same date wrote to the Department of Correction requesting that it “please restore attorney visitation rights to [petitioner].” On June 4, 2007, Kenneth Armistead, the board’s director of field operations, advised petitioner that the Department of Correction had not responded in writing to the board’s decision, but that he had learned that the department had decided not to reinstate petitioner’s privileges. Following additional phone calls to the board by petitioner, Mr. Armistead wrote to him on July 18, 2007, advising that he had been unable to get the department to respond to the board’s recommendation in writing, and providing the names and addresses of two department officials “from whom you may seek the desired response.” On July 24, 2007, petitioner wrote to both officials requesting a written disposition of his appeal and the basis for the department’s decision.
When respondents did not respond to his letter, petitioner commenced this proceeding by order to show cause on August 2, 2007, seeking a preliminary injunction enjoining the depart *212 ment from barring his entrance to its facilities, and a “final order” directing reinstatement of his visitor privileges.
In opposition, respondents argue that this proceeding is barred by the applicable statute of limitations, and that petitioner has failed to state a cause of action.
So much of respondents’ opposition as is grounded in the statute of limitations is without merit. Respondents do not dispute that the Department of Correction advised petitioner that it had revoked his visitation pass pending the resolution of the criminal proceeding and that he followed the appeal procedure that it recommended to him. Petitioner promptly appealed the revocation after dismissal of the criminal charges and diligently pursued his application for reinstatement despite the unexplained recalcitrance of the department in responding to both the Board of Correction findings and recommendation and petitioner’s futile attempts to wrest a final determination from the department. Having failed to advise petitioner of any final determination concerning petitioner’s status, respondents will not now be heard to argue that petitioner’s resort to this special proceeding is untimely. In any event, the earliest date that the applicable limitations period would have commenced to run was June 4, 2007, the date the Board of Correction notified petitioner that it had learned of the department’s refusal to reinstate his privileges. As a result, commencement of this proceeding on August 2, 2007 was well within the applicable four-month statute of limitations period.
Nor has petitioner failed to state a cause of action. CPLR 7803 (3) provides for judicial review of an administrative determination by a body or officer that constitutes an “abuse of discretion as to the measure or mode of penalty or discipline imposed.” That is, a special proceeding in the nature of mandamus may be brought to determine whether an administratively-imposed penalty was “arbitrary and capricious” (id.; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]).
The standard for review in such cases is long-established (Matter of Stolz v Board of Regents of Univ. of State of N.Y., 4 AD2d 361, 364 [3d Dept 1957]): “We believe that, reasonably construed, the statute authorizes us to set aside a determination by an administrative agency, only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.”
*213 Here, it is undisputed that petitioner passed an envelope containing prison contraband to the inmate during an attorney-client conference at the Staten Island facility. However, petitioner avers, and respondent does not dispute, that he was unaware that the envelope contained a small amount of ordinary tobacco, and that he did not knowingly pass the contraband to the inmate. Moreover, it is undisputed that petitioner’s record is otherwise spotless. Under these narrow circumstances, a de facto permanent revocation of petitioner’s visitation privileges, with its attendant restriction on his clients’ right to counsel and his professional livelihood, is indeed “shocking to one’s sense of fairness.” (Stoltz, 4 AD2d at 364.)
In this regard, respondents’ reliance on the holding in Legal Aid Socy. v Ward (61 NY2d 744, 746 [1984]) is inapposite. In that case, the Court held only that “there is no clear legal right” to reinstatement of an attorney’s visitation pass, and thus that the extraordinary remedy of mandamus to compel such reinstatement did not lie. In the instant case, petitioner’s remedy lies not in mandamus to compel, but in mandamus to review (see Matter of Armstrong v Centerville Fire Co., 83 NY2d 937, 938 [1994]). It is not the determination to suspend visitation itself, but the draconian nature of the penalty that warrants judicial intervention. The standard is whether the determination has a reasonable or rational basis.
Here, not only is the open-ended penalty imposed disproportionate to the offense committed, but its harsh nature is aggravated by the abject failure of the respondent department to take any formal action to accept or reject either petitioner’s application or the Board of Correction’s recommendation for reinstatement. Rather than consigning petitioner to this legal limbo, the forthwith reinstatement of petitioner’s visitation rights is consistent with both the nature of the offense and the initial determination of the department that petitioner’s access to department facilities be restricted “pending the outcome of the criminal charges brought against [him] for the October 10 [2006] incident” (see Pell v Board of Educ, 34 NY2d at 233-234).
Accordingly, it is ordered and adjudged that the petition is granted, and this matter is remitted to the respondent Department of Correction for further action consistent with the within determination; and it is further ordered that the cross motion is denied.