In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Education of the Harrison Central School District, dated June 23, 2010, which terminated the petitioner’s employment as a physical education teacher, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Hubert, J.), entered January 9, 2012, which, in effect, denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The petitioner was hired by the respondent Board of Education of the Harrison School District (hereinafter the Board) as a per diem substitute teacher from September 4, 2007, to June 30, 2008. Upon completion of that term, the petitioner received a probationary appointment as a physical education teacher from July 1, 2008, to June 30, 2010. He received one-year credit toward the statutory three-year probationary period for prior tenure service in another district (see Education Law § 3012 [1] [a]). On June 27, 2008, he signed a revised letter of intent memorializing his probationary appointment which specified that he would become eligible for tenure on July 1, 2010. In May 2010, the petitioner received notice that the superintendent of schools would be recommending termination of his *719 probationary appointment, and on June 23, 2010, the Board voted to terminate the petitioner’s employment effective June 25, 2010. The petitioner commenced this proceeding pursuant to CPLR article 78, contending that the Board lacked the authority to summarily terminate his employment because he had acquired tenure by estoppel.
Tenure by estoppel results “when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher’s probationary term” (Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 187 [1995]; see Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d 110, 114 [1997]; Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 451 [1993]). The petitioner has failed to demonstrate that the Board unduly delayed his formal appointment to the subject position or that he otherwise acquired tenure by operation of law (see Ricca v Board of Educ. of City School Dist. of City of N. Y., 47 NY2d 385, 392 [1979]). Significantly, it is undisputed that the petitioner signed a revised letter of intent, superseding all prior agreements, which specified that he would become eligible for tenure on July I, 2010, by which time he had already been discharged from his employment. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
In light of our determination, we need not reach the respondents’ remaining contentions. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.