■ In the Matter of GERALD CHISHOLM, Respondent, v JERE HOCHMAN, as Superintendent of the Bedford Central School District, et al., Appellants. [971 NYS2d 150]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Bedford Central School District Board of Education dated April 12, 2011, terminating the petitioner's employment as an English teacher, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Colangelo, J.), dated March 6, 2012, which denied the appellants' motion to dismiss the petition, granted the petition, and annulled the determination.

Ordered that the order and judgment is reversed, on the law, with costs, the appellants' motion to dismiss the petition is granted, and the proceeding is dismissed.

In September 2007, the petitioner began a three-year probationary employment with the Bedford Central School District (hereinafter the School District) as a high school English teacher. In March 2010, the principal informed the petitioner that he would not be recommended for tenure. Shortly thereafter, however, after the principal spoke with the superintendent of the School District, he met with the petitioner and a union representative and offered to extend his probationary period for one year. The following day the petitioner wrote to the principal and "formally request[ed] a fourth probationary

year of employment," and expressed his hope that he would be "granted tenure in the spring of 2011." In June 2010, the principal completed the petitioner's "Final Evaluation Report," in which he stated that he sincerely wanted to support the petitioner's goal of achieving tenure in the spring of 2011. That following spring, however, the petitioner was informed that he would not be offered a tenured position, and at the end of the school year he was terminated from his employment. The petitioner then commenced this CPLR article 78 proceeding, alleging that he had acquired tenure by estoppel. The superintendent of the School District and the Bedford Central School District Board of Education moved to dismiss the petition. The Supreme Court denied the motion, granted the petition, and annulled the determination.

"In general, estoppel is a bar which precludes a party from denying [that] a certain fact or state of facts exists to the detriment of another party who was entitled to rely on such facts and had acted accordingly" (*Matter of McManus v Board of Educ. of Hempstead Union Free School Dist.*, 87 NY2d 183, 186-187 [1995] [internal quotation marks omitted]). "Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" (*id.* at 187). Although Education Law § 3012 (1) provides that certain teachers shall be appointed "for a probationary period of three years," it "does not contain a provision which would prevent a probationary teacher from knowingly and voluntarily waiving the three-year probationary period" (*Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead*, 76 AD2d 837, 838 [1980], *affd* 55 NY2d 648 [1981]).

Here, as indicated by the petitioner's own letter to the principal, the petitioner agreed to extend his probationary period for an additional year. Consequently, the petitioner's probationary period had not expired when the School District terminated his employment and, thus, he had not acquired a tenured position by estoppel.

Accordingly, the Supreme Court should have granted the subject motion, denied the petition, and dismissed the proceeding.

The parties' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.