■ In the Matter of BETH SLUTSKY-NAVA, Appellant, v YONKERS CITY SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [17 NYS3d 783]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Yonkers City School District Board of Education dated October 17, 2012, terminating the petitioner's employment as an elementary school teacher, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Warhit, J.), entered August 23, 2013, which granted the respondent's motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

On September 2, 2008, the petitioner was hired by the Yonkers City School District Board of Education (hereinafter the respondent) as an elementary school teacher. The petitioner's offer of employment stated that her three-year probationary period was to run through September 2, 2011. The petitioner was laid off from her position, effective June 31, 2011. In August 2012, she was again offered a position as an elementary school teacher, starting September 1, 2012. At that time, the petitioner was told that, as a result of having been laid off, her probationary period was being extended to November 4, 2012. She signed the offer of employment, which clearly stated that her "expected date of tenure [would] be on November 4, 2012." The petitioner's employment was terminated on October 17, 2012, after she received an unsatisfactory rating.

Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term (*see Matter of McManus v Board of Educ. of Hempstead Union Free School Dist.*, 87 NY2d 183 [1995]; *see also Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446 [1993]). Here, the petitioner's probationary period was properly extended to November 4, 2012 (*see O'Dea v School Dist. of City of Niagara Falls*, 122 AD2d 553 [1986]; *Matter of Pascal v Board of Educ. of City School Dist. of City of N.Y.*, 100 AD2d 622 [1984]), since she signed an offer of employment which specified that she would not become eligible for tenure until November 4, 2012. Since the school board terminated the petitioner's employment prior to the expiration of her probationary period, she did not perform the duties of a teacher after November 4, 2012, and, thus, the Supreme Court properly determined that, even accepting the allegations in the petition as true, she could not have acquired tenure by estoppel (*see Matter of Chisholm v Hochman*, 109 AD3d 821 [2013]; *Matter*

*of McCoy v Harrison Cent. Sch. Dist.*, 107 AD3d 718, 719 [2013]; *Matter of Agresti v Buscemi*, 34 AD2d 983 [1970], *affd* 28 NY2d 984 [1971]).

Contrary to the petitioner's contention, Education Law § 2573 (15), which, among other things, describes certain factors to be considered in calculating a teacher's probationary period, does not apply to the facts of this case.

Since the allegations of the petition were insufficient to state a cause of action to review the respondent's determination based on the theory of tenure by estoppel, the Supreme Court properly granted the respondent's motion to dismiss the petition and, in effect, dismissed the proceeding (*see* CPLR 3211 [a] [7]; 7804 [f]). Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.