Matter of Wilson v Department of Educ. of the City of N.Y. (2019 NY Slip Op 01161)





Matter of Wilson v Department of Educ. of the City of N.Y.


2019 NY Slip Op 01161


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


158592/16 8420 8419

[*1]In re Cheryl Wilson, Petitioner-Respondent,
v
The Department of Education of the City of New York, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for appellant.
Stewart Lee Karlin Law Group, PC, New York (Stewart Lee Karlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 12, 2017, granting the petition brought pursuant to CPLR article 78, seeking to annul respondent's determination, dated July 15, 2016, which discontinued petitioner's employment, and reinstating her to the position of tenured teacher with back pay, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 30, 2018, which settled respondent's motion to reargue by amending the July 12, 2017 judgment to state that the amount earned by petitioner during the period of July 15, 2016 to present would be deducted from the amount of back pay owed by respondent for the period July 15, 2016 to present, unanimously dismissed, without costs, as abandoned.
Petitioner was hired in 2011 by the DOE to serve as a special education teacher. Her initial 3-year probationary period was set to expire on September 2, 2014. However the DOE and petitioner entered into a written agreement extending her probation until September 8, 2015. In March 2015, the DOE temporarily reassigned petitioner from her teaching duties to a clerical job. The DOE did not provide her with any decision regarding her tenure by the expiration of her probationary period. In March 2016, the DOE reassigned her back to her teaching duties. Following an incident with the principal on April 12, 2016, petitioner took an unapproved leave of absence, and on June 15, 2016, the DOE notified her that it was discontinuing her probationary service as of July 15, 2016.
"Tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" (Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 187 [1995]). Here, petitioner obtained tenure by estoppel when she continued to be employed by the DOE and failed to receive any notice regarding the DOE's decision regarding her future by the expiration of her probationary period on September 8, 2015. In addition, the DOE failed to indicate to petitioner that the temporary assignment to perform clerical duties for the Committee on Special Education would not count toward her probationary period. Thus, petitioner's decision to accept the temporary reassignment did not "serve to disrupt that teacher's probationary period,
nor . . . lead to an increase in the length of that probationary period" (Ricca v Board of Educ. of City School Dist. of City of N.Y., 47 NY2d 385, 394 [1979]; see also Matter of Triana v Board of Educ. of City School Dist. of City of N.Y., 47 AD3d 554, 560 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK