Matter of Graham v City of New York (2026 NY Slip Op 01457)

Matter of Graham v City of New York

2026 NY Slip Op 01457

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 100231/23|Appeal No. 6117|Case No. 2024-00978|

[*1]In the Matter of Kenton Graham, Petitioner-Appellant,
vThe City of New York et al., Respondents-Respondents.

Kenton Graham, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Nicholas W. Moyne, J.), entered February 7, 2024, denying the petition to annul respondent New York City Department of Education's determination, effective September 7, 2022, to discontinue petitioner's employment and for a declaration that petitioner acquired tenure by estoppel, granting respondents' cross-motion to dismiss, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to bring his claims within four months of the effective date of his termination, which is the statutory period during which an article 78 proceeding must be brought (CPLR 217[1]; see Matter of Zarinfar v Board of Educ. of City School Dist. of City of N.Y., 93 AD3d 466, 466 [1st Dept 2012]). Accordingly, petitioner's claims are time-barred and the proceeding was properly dismissed (see Matter of Wagner v New York City Dept. of Educ., 222 AD3d 445 [1st Dept 2023]).
Petitioner did not obtain tenure by estoppel, as respondent Department of Education (DOE) took action to deny his tenure prior to the expiration of his probationary term (see Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 187 [1995]). Further, DOE did not "with full knowledge and consent" permit petitioner to work beyond the expiration of his probationary term (Matter of Andrews v Board of Educ. of City School Dist. of the City of N.Y., 92 AD3d 465, 465 [1st Dept 2012], citing Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 451 [1993]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026